UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20279-BLOOM/Otazo-Reyes

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DREW LIEBERMAN, SANDY LIBERMAN,
UNKNOWN TENANT #1, *and* UNKNOWN
TENANT #2,

                            Defendants.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants Drew Lieberman and Sandy Lieberman's ("Defendants") Motion to Dismiss Complaint to Foreclose Lien, ECF No. [16] ("Motion"), filed on March 23, 2023. Plaintiff the United States of America (the "Government") filed a Response in Opposition, ECF No. [19], to which Defendants did not reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.**    **BACKGROUND**

On January 24, 2023, the Government filed the instant action seeking to foreclose a criminal restitution judgment lien entered in favor of the Government and against Defendant Drew Lieberman. ECF No. [1]. The real property upon which the Government seeks to foreclose its lien consists of a residential property owned by Defendants and located in Bal Harbour. *Id*.

Case No. 23-cv-20279-BLOOM/Otazo-Reyes

On March 23, 2023, Defendants filed the instant Motion to Dismiss. ECF No. [16]. Therein, Defendants argue that the Complaint fails to state a claim upon which relief can be granted. *See generally id*. The Government responds that Defendants' arguments are meritless, and the Motion should be denied. *See generally* ECF No. [19].

## II.  LEGAL STANDARD

### A.  Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court "must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019) (citations omitted).

Case No. 23-cv-20279-BLOOM/Otazo-Reyes

### III. DISCUSSION

Defendants argue that the Complaint fails to allege the essential elements necessary to foreclose a restitution lien and that Title 18 U.S.C. § 3613(c) does not authorize foreclosure in the absence of default and delinquency. The Government responds that it is not required to allege that it gave notice of a delinquency and notice of a default, a delinquency or default is not required to foreclose, and the terms of the restitution judgment state that the government can use assets or income of the defendant to satisfy the restitution obligations.

Defendants contend that in *United States v. Toll*, No. 16-CV-60922, 2016 WL 4549689 (S.D. Fla. Sept. 1, 2016) this Court stated that notice of the assessment upon the defendant and filing notice in public records were necessary allegations in a complaint to foreclose a restitution lien. However, as this Court specifically stated, the test it laid out was one for a general federal tax lien. *Id*. at *2. To effectuate a foreclosure of a criminal restitution lien, the Government must allege: "(1) the date of the restitution order; (2) the amount of the restitution ordered by the sentencing judge; (3) the filing of the lien with the proper authority; and (4) a statement that the relief the government seeks is foreclosure of the lien on specified property." *United States v. Vico*, 360 F. Supp. 3d 1328, 1338 (S.D. Fla. 2019) (footnote omitted). Under the relevant standard, the Complaint must allege that the lien was filed with the proper authority but need not allege notice to the Defendant.

In the Complaint, the Government sets forth the date of the restitution order, May 10, 2022, ECF No. [1] ¶ 7, the amount of restitution: $1,851,538.51, *id*, that on May 20, 2022, it "recorded a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (Notice of Lien) in Official Records Book 33199, Page 2437, of the

Public Records of Miami-Dade County, Florida", *id.* ¶ 9, and that it seeks foreclosure of the lien, *id*. at ¶12. The allegations in the Complaint therefore contain all required elements.

Defendants again rely on *Toll* for the proposition that Defendant must be in default and delinquent in payment obligations for the Government to foreclose its restitution lien. However, default is not a required element to effectuate foreclosure of a criminal restitution lien. In *Toll*, this Court held that "Craig Toll's Criminal Judgment explicitly states that the payments ordered do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." 2016 WL 4549689, at *3 (internal quotation marks and citation omitted). Here, as in *Toll*, the Criminal Judgment entered against Drew Lieberman explicitly states that the payments ordered "do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." ECF No. [1-3] at 7. The instant action, therefore, is consistent with the applicable law and the Criminal Judgment, regardless of whether the Defendant was in default. *See Vico*, 360 F. Supp. 3d at 1335 ("it is well-settled that an action 'for civil enforcement by the United States for the collection of fines and restitution does not require a showing that the defendant is in default, but rather requires only the entry of judgment.'" (quoting *U.S. v. Hawkins*, 392 F. Supp. 2d 757, 760 (W.D. Va. 2005)).

Defendants argue that this case is distinguishable from *Vico* because the criminal judgment in that case was due immediately and was unambiguous. Here, Defendants argue that the Criminal Judgment "did not order payment of the restitution amount immediately; rather, it set a payment schedule and indicated that an Amended Judgment further addressing restitution would be subsequently filed." ECF No. [16] at 8. The Criminal Judgment relevant to this case includes no such language, *See* ECF No. [1-3], nor is the box permitting deferral of restitution checked. *Id* at 7. Because the Criminal Judgment entered against Drew Lieberman is unambiguous and all the

Case No. 23-cv-20279-BLOOM/Otazo-Reyes

necessary elements to state a claim for forfeiture are sufficiently alleged in the Government's Complaint, Defendants' Motion to Dismiss must be denied.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [16]**, is **DENIED**. Defendants shall **ANSWER** the Complaint **on or before May 31, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record